**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

PHILLIP MUIR                                :

                     Petitioner,        :        15 Cr. 0078 (RMB)
                                  :        20 Cv. 1708 (RMB)

       -v-                            :        **DECISION & ORDER**

                                    :

UNITED STATES OF AMERICA,     :

                     Respondent.     :

------------------------------------------------------------------x

On or about January 15, 2020, Phillip Muir ("Muir" or "Petitioner") filed a *pro se* petition entitled "Movant's Supplement to 28 U.S.C. 2255 Motion" ("January 15, 2020 Letter").[1] Muir's January 15, 2020 Letter contains over a dozen claims for relief.[2] On March 9, 2020 and again on September 26, 2022, Petitioner presented additional claims (the "March 9, 2020 Letter" and the "September 26, 2022 Letter", collectively with the January 15, 2020 Letter, "Petition").[3]

---

[1] Petitioner does not identify any prior application which was being supplemented. And, there is none.

[2] Petitioner alleges that his attorney performed ineffectively by failing to: (i) request a separate trial on the three felon-in-possession counts; (ii) object to various statements made by a Government witness; (iii) include Petitioner in the jury selection process; (iv) adequately advise Petitioner on the costs and benefits of testifying in his own defense; object to the Government's introduction into evidence narcotics seized from others; (v) challenge the sufficiency of the evidence on several matters; and (vi) raise additional legal arguments. Petitioner also contends that his incarceration amounts to involuntary servitude, and that his conviction for discharging a firearm in connection with a drug trafficking crime, in violation of 18 U.S.C. § 924(c), is unconstitutional because the predicate offense was a drug-trafficking conspiracy. (*See* January 15, 2020 Letter at 1–6.)

[3] In the March 9, 2020 Letter, Petitioner contends that the Government failed to prove his involvement in a conspiracy to distribute and possess narcotics and challenges the sufficiency of the evidence at trial. (*See* March 9, 2020 Letter at 1–4.) In the September 26, 2022 Letter, Petitioner challenges the jury instructions regarding his felon in possession of a firearm charge, and the drug-weight calculation at sentencing. (*See* September 26, 2022 Letter at 14–22.)

1

For the reasons stated below, the Petition is respectfully denied.[4]

## I.    Background

Petitioner was a member of a drug-trafficking conspiracy operating in the Bronx.  He acted as a middleman, buying wholesale crack cocaine and then selling to crack dealers.  (Trial Tr. at 99–100.)  Petitioner used firearm(s) in furtherance of the narcotics operation, among other things, by firing bullets into two Bronx homes (*id.* at 248, 339–46) and randomly firing on the street (*id.* at 499–556, 561–76.)

Following Petitioner's February 3, 2015 arrest, an SDNY jury convicted Petitioner of conspiring to distribute and possess with intent to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); possession of a firearm during and in relation to the aforementioned drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); conspiracy to possess a firearm or ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 371; and possession of a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g).  On January 4, 2017, the Court sentenced Petitioner to a term of 200 months' imprisonment (35 months below his guidelines range of 235 to 272 months), followed by five years of supervised release.  (*See* Judgment, dated Jan. 9, 2017.)

On January 17, 2017, Petitioner appealed his conviction(s), arguing that the district court improperly relied on uncharged and acquitted conduct at sentencing and attacking the credibility of several witnesses.  (No. 17-150, Dkt. 34.)  The Second Circuit Court of Appeals dismissed the appeal by summary order dated February 9, 2018. (No. 17-150, Dkt. 65 ("[T]he order of the district

---

[4] **Any issues or arguments raised by the parties but not specifically addressed in this Decision & Order have been considered by the Court and rejected.**

2

court hereby is AFFIRMED.").)  The U.S. Supreme Court denied Muir's petition for a writ of certiorari on June 12, 2018.  (No. 17-150, Dkt. 74.)

Following his appeal, on July 31, 2018, Petitioner submitted a letter to this Court requesting "resentencing in accordance [with] the *Dimaya* ruling, as it now causes [] 18 U.S.C.S. § 924(c)(l) to become void for vagueness."[5]  (Muir Ltr., dated July 31, 2018 ("Resentencing Letter").)  **In a subsequent letter, dated August 14, 2018, Petitioner "request[ed] that this Honorable Court not construe [Muir's Resentencing Letter] as a § 2255 motion."**  (Muir Ltr., dated Aug. 14, 2018.)

The Court determined in a three-page Order, dated November 18, 2019, that there was no merit to Petitioner's July 31, 2018 Resentencing Letter because "Muir was found guilty of possessing and brandishing a firearm in furtherance of a drug trafficking crime" and "[h]e was not found guilty of brandishing a firearm in furtherance of a crime of violence.  Consequently, *Dimaya* [and *Davis*] ha[ve] no impact upon Muir's sentence."  (Order, dated Nov. 18, 2018, at 2–3 (citations omitted).)  Petitioner did not appeal the Court's November 18, 2019 decision.

## II.   Legal Standard

28 U.S.C. § 2255 habeas motions must be filed within one year from the date on which the judgment of conviction becomes final.  *See* 28 U.S.C. § 2255(f).  In Petitioner's case, the date the judgement became final was June 12, 2018.  Where a petitioner "fail[s] to file his § 2255 motion until . . . more than one year after his conviction bec[omes] final, his motion [i]s untimely."

---

[5] *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), held that the 18 U.S.C. § 16(b) residual clause definition of "crime of violence" to be unconstitutionally vague.  *United States v. Davis*, 139 S. Ct. 2319 (2019) found that the residual clause in § 924(c)'s definition of "crime of violence" was unconstitutionally vague.

*Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005). "To equitably toll the one-year limitations period, a petitioner must show that extraordinary circumstances prevented him from filing his petition on time, and he must have acted with reasonable diligence throughout the period he seeks to toll." *Baldayaque v. United States*, 338 F.3d 145, 150 (2d Cir. 2003).

To prevail on a claim of ineffective assistance of counsel, a defendant must (1) show that his counsel's representation "fell below an objective standard of reasonableness" under "prevailing professional norms," and (2) "affirmatively prove prejudice" by showing that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the outcome of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 688, 688–89, 693–94 (1984). "[S]crutiny of counsel's performance must be 'highly deferential' because [the Court] must apply 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Rivas v. Fischer*, 780 F.3d 529, 547 (2d Cir. 2015) (quoting *Strickland*, 466 U.S. at 689).

A petitioner may not raise a claim under 28 U.S.C. § 2255 that was not raised on direct appeal unless the petitioner "can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 485, 496 (1986)). "Cause" for not bringing a claim on appeal exists where a claim "is so novel that its legal basis [was] not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984). "Cause" does not exist simply because the claim would have been "unacceptable to that particular court at that particular time." *Bousley*, 523 U.S. at 623. "[T]he prejudice that must be shown is not merely whether the instruction is undesirable, erroneous, or even universally condemned, but rather whether the ailing instruction by itself so infected the

entire trial that the resulting conviction violates due process." *Gupta v. United States*, 913 F.3d 81, 85 (2d Cir. 2019) (citations and quotations omitted).

## III.   Analysis

### The Petition is Untimely

Muir's Petition was filed on January 15, 2020, which was **19 months** after the Supreme Court denied Petitioner's petition for certiorari on June 12, 2018. *See Clay v. United States*, 537 U.S. 522, 537 (2003) ("Finality attaches when th[e Supreme] Court . . . denies a petition for certiorari.").

Although Petitioner labeled his January 15, 2020 Letter as "Movant's Supplement to 28 U.S.C. 2255 Motion," Petitioner fails to identify any pending application that he claims to be supplementing. Even if the Resentencing Letter had been a § 2255 petition (which is doubtful, *see supra* Part I), the Petition would still be untimely because the claims presented were "supported by facts that differ in both time and type from those the [Resentencing Letter] set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005).

Petitioner alleges that he is housed "under unconstitutional conditions of confinement with no access to law library, legal materials and inadequate writing and mailing supplies." (January 15, 2020 Letter at 1.) Petitioner's prolific filings and appeals (including 20 separate claims for relief between 2017 and 2022) belie any inability to be heard. Petitioner's alleged circumstances do not constitute "extraordinary circumstances" and/or equitable tolling. *See Thompson v. United States*, 14-cv-7189 (PKC), 2015 WL 4064570, at *4 (S.D.N.Y. Apr. 13, 2015) ("Courts in this district have routinely concluded that limited access to a law library does not constitute an 'extraordinary circumstance' warranting equitable tolling"); *see also Smith v. McGinnis*, 208 F.3d

13, 17 (2d Cir. 2000) ("the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll").

### No Ineffective Assistance of Counsel

Even if the Petition had been timely, Muir's principal claim that his counsel had been ineffective is meritless. *See Strickland*, 466 U.S. at 688–89. For example, Petitioner alleges that he "was not advised by his trial counsel that the felon in possession of firearm count joinder was prejudicial and would have been severed had appointed counsel filed a proper pre-trial motion." (January 15, 2020 Letter at 1.) In fact, Petitioner's counsel did "request that the felon-in-possession charges be bifurcated so that the jury does not hear about Mr. Muir's prior conviction." (Def. Ltr. dated Feb. 2, 2016). The Court denied counsel's request, ruling that "the counts ha[d] a 'sufficient logical connection'" to be tried together. *See United States v. Page*, 657 F.3d 126, 132 (2d Cir. 2011) (citations omitted).

Petitioner also alleges that counsel was ineffective because he failed to make (various) objections at trial. (*See* January 15, 2020 Letter at 1–3; September 26, 2022 Letter at 1, 9, 17.) "[D]ecisions such as when to object and on what grounds are primarily matters of trial strategy and tactics, and thus are virtually unchallengeable absent exceptional grounds for doing so." *United States v. Cohen*, 427 F.3d 164, 170 (2d Cir. 2005) (citations and quotations omitted).

### Petitioner's Claim Under *Rehaif v. United States* is Defaulted

Petitioner contends that his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), was improper because the jury was not instructed that he could be convicted only if he "knew he belong[ed] to a category of individuals prohibited from possessing firearms [*i.e.*, felons]." (September 26, 2022 Letter at 15.) This claim, which is predicated on the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019),

would likely be denied because Petitioner failed raise it upon appeal. *See United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011) ("In general, a defendant is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal.").

## IV.    Certificate of Appealability

The Court does not recommend that a certificate of appealability be issued in this case. *See* 28 U.S.C. § 2253(c); *see also United States v. Perez*, 129 F.3d 255, 260 (2d Cir. 1997); *Baldeo v. United States,* No. 13 CR. 125 (PAC), 2022 WL 214385, at *5 (S.D.N.Y. Jan. 25, 2022).

## V.    Conclusion & Order

For the reasons stated herein, Muir's Petition [# 172, 179, 190] is denied.  The Clerk of Court is respectfully requested to close this case.


Dated: New York, New York
March 6, 2023

_____

**RICHARD M. BERMAN, U.S.D.J.**